UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4147

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

versus

BRIAN A. SALCEDO,

    Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Lacy H. Thornburg, District Judge. (CR-03-53)

Submitted: June 14, 2006        Decided: July 10, 2006

Before WILKINSON, NIEMEYER, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Samuel B. Winthrop, Statesville, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Matthew T. Martens, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Brian A. Salcedo pled guilty, pursuant to a plea agreement, to conspiracy to commit wire and computer fraud in violation of 18 U.S.C. § 371, fraud activity in connection with computers in violation of 18 U.S.C. § 1030(a)(5), accessing a computer without authorization and obtaining information from a protected computer involving interstate information in violation of 18 U.S.C. § 1030(a)(2), and accessing a protected computer without authorization and obtaining a thing of value in violation of 18 U.S.C. § 1030(a)(4). He was sentenced to 108 months in prison and three years of supervised release. Salcedo appealed and raises three issues concerning his sentence. He asserts the district court erred in calculating his base offense level, sentencing him under a mandatory guidelines scheme, and sentencing him under U.S. Sentencing Guidelines Manual § 2X1.1 (2003). We affirm.

Salcedo asserts on appeal that the district court improperly calculated his base offense level as seven, rather than six. He further asserts that his sentence violates the Sixth Amendment because he was sentenced under the mandatory guidelines scheme found to be unconstitutional in United States v. Booker, 543 U.S. 220 (2005). Salcedo's plea agreement contained a waiver of appellate rights that stated in relevant part:

> Defendant . . . waives all such rights to contest the conviction and/or sentence except for: (1) claims of ineffective assistance of counsel; (2) prosecutorial misconduct; or (3) the sentence, but only to the extent

> defendant contests the sentence that one or more findings on guideline issues were inconsistent with the explicit stipulations contained in any paragraph in the plea agreement filed herein, or on the basis of an unanticipated issues that arises during the sentencing hearing and which the District Judge finds and certifies to be of such an unusual nature as to require review by the Fourth Circuit of Appeals.

Whether the defendant has effectively waived his right to appeal is an issue we review de novo. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992). This court "will enforce the waiver to preclude a defendant from appealing a specific issue if the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver." United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005) (citations omitted). Salcedo does not dispute his plea agreement was knowingly and voluntarily entered into after consultation with counsel. Thus, we find the waiver of appellate rights it contains valid and enforceable. Because we find both of these claims are covered by Salcedo's waiver of appellate rights, we do not consider them further.

Salcedo next asserts that the district court erred in using intended conduct to enhance his sentence under USSG § 2X1.1. This claim is properly before us because the district court certified it as being so unusual that it required our review. Salcedo claims that under USSG § 2B1.1, the provision for the substantive offense underlying the conspiracy, only acts that were actually completed can serve to enhance his sentence. We disagree.

- 3 -

In United States v. Depew, 932 F.2d 324 (4th Cir. 1991), this court found that in a conspiracy, the correct starting point in a guidelines calculation is USSG § 2X1.1. Id. at 328-29. From there, a court should look to the provision covering the substantive offense, and the relevant enhancements. This court also held that "because the conspiracy provision is the provision that sends you there and the conspiracy provision contemplates that some conspiracies will not be completed, the obvious intent is to use that provision whether the conspiracy was completed or not." Id. at 328. Therefore, we find that the district court did not err in using Salcedo's admitted intentions to harm 250 or more victims and to traffic the stolen information to enhance his sentence. We further find that because Salcedo completed all the acts necessary for the successful completion of the substantive offense, the three-level reduction under USSG § 2X1.1(b) does not apply.

Accordingly, we affirm Salcedo's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

- 4 -

Case 5:03-cr-00053-LHT   Document 37   Filed 07/13/06   Page 4 of 4